IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**ERIC F. AICHER,**

    **Plaintiff**,

v.                                       No. 13cv0866 MV/CG

**RICHARD R. MARQUEZ,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER
## DISMISSING COMPLAINT

**THIS MATTER** comes before the Court on pro-se Plaintiff Eric F. Aicher's *Application to Proceed in District Court without Prepaying Fees or Costs* (hereinafter called "motion to proceed IFP"), filed September 6, 2013 (Doc. 3), and on the Court's concomitant obligation "to review the affidavit and screen [his] case under 28 U.S.C. §§ 1915(a) and (e)." *Lister v. Dep't of the Treasury*, 408 F.3d 1309, 1311 (10th Cir. 2005). Aicher, who is currently incarcerated in a state prison, is suing his former attorney for malpractice/negligence and breach of fiduciary duty. Screening the case under § 1915(e) includes determining whether "the allegation of poverty is untrue" as well as determining whether the action "is frivolous or malicious, . . . fails to state a claim on which relief may be granted; or [] seeks monetary relief against a defendant who is immune from such relief." § 1915(e). "[I]n order to succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action." *Lister*, 408 F.3d at 1312. The Court must "dismiss the case" if it determines that any of the conditions in § 1915(e)(2)(B) exist. *See* § 1915(e)(2); *Trujillo v. Williams*, 465 F.3d 1210, 1217 n.5 (10th Cir. 2006) (noting that dismissals under § 1915(e)(2)(A) & (B) are mandatory).

**I.       Allegations in the Complaint and attachments.**

According to the documents Aicher has attached and New Mexico state-court records related to the allegations in his Complaint, Aicher's real name is Frederick G. Aicher[1].  *See* Doc. 4 at 2, 5, 7, 9.  Defendant Richard Marquez was Aicher's criminal attorney in his state criminal proceedings commencing in 2000, *see* Compl. at 1, during which Aicher pleaded guilty to two counts of criminal-sexual contact with a minor and one count of bribing/intimidating a witness, and for which Aicher is currently serving a 31-year sentence.  *See State v. Frederick G. Aicher*, D-725-CR-20000086 (Socorro D. Ct.).  Aicher's attachments also show that Marquez represented Aicher in state-court civil proceedings against two individuals in 2000-2001, and that after his incarceration in 2000, Aicher gave Marquez his general power of attorney.  *See* Doc. 4 at 3-6.

Aicher complains that Marquez permitted Aicher's social-security disability and VA-benefit payments to "go into overpayment of almost seven thousand dollars" after Aicher was incarcerated in 2000 and was no longer entitled to receive those payments.  Compl. at 2, 5.  He also complains that Marquez filed the civil suit in 2000 "knowing full well that I could never collect on the award given," and that Marquez "failed to keep safe my personal property but allowed for it to be taken while I was in state custody."  *Id.*  Aicher filed a similar suit against Marquez in state court in July 2013.  *See* Compl. at 4-5.

**II. Analysis**

It appears that Aicher, who is still incarcerated, is indigent.  But because he has failed to state sufficient facts to invoke this Court's subject-matter jurisdiction over his claims, his motion to proceed ifp will be denied and his case dismissed.  "Federal courts are courts of limited

---

[1]  Aicher has hand-written an "E" over the typed "G" of his middle initial in the court documents he attaches.

jurisdiction, and the presumption is that they lack jurisdiction unless and until a plaintiff pleads sufficient facts to establish it." *Celli v. Shoell*, 40 F.3d 324, 327 (10th Cir. 1994). "[T]he party pleading jurisdiction must allege in his pleading the facts essential to show jurisdiction." *Id.* (internal quotation marks omitted). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3); *see Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974) ("A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking. . . . If the parties do not raise the question of lack of jurisdiction, it is the duty of the federal court to determine the matter *sua sponte*. Therefore, lack of jurisdiction cannot be waived and jurisdiction cannot be conferred upon a federal court by consent, inaction or stipulation.") (internal citations omitted); *see also Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999) ("a district court should not assume the role of advocate for the pro se litigant, and may not rewrite a petition to include claims that were never presented") (citation and internal quotation marks omitted).

Aicher used a form the Court provides for filing civil-rights claims under 42 U.S.C. § 1983 and invokes the Court's jurisdiction only under 28 U.S.C. § 1343(3) and 42 U.S.C. § 1983. *See* Compl. at 1-2.  To invoke the Court's subject-matter jurisdiction under § 1983, a plaintiff must allege facts showing that "some person has deprived him of a federally protected right;" and "that the person who has deprived him of that right acted under color of state or territorial law." *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). A review of the allegations in his Complaint shows that Aicher is bringing only state-law malpractice/negligence/breach-of-fiduciary-duty actions against Marquez, and none of the facts indicate that Marquez was acting for, or on behalf of, the state.  *See* Compl. at 2-5.  "The conduct of an attorney acting in his professional capacity

while representing his client does not constitute action under color of state law for the purposes of § 1983." *Beedle v. Wilson*, 422 F.3d 1059, 1073 (10th Cir. 2005) (internal quotation marks omitted); *Barnard v. Young*, 720 F.2d 1188, 1189 (10th Cir. 1983) (noting that a private attorney is not a state actor under § 1983 even though he is an officer of the court); *Meeker v. Kercher*, 782 F.2d 153, 155 (10th Cir. 1986) (noting that a *guardian ad litem* is not a state actor under § 1983).

> [A] plaintiff's failure to properly allege a "state action" in a § 1983 complaint strips the district court of subject matter jurisdiction [] if jurisdiction is alleged under 28 U.S.C. § 1343(3). *See Elliott v. Chrysler Fin.*, 149 Fed. Appx. 766, 768-69 (10th Cir.2005); *see also Monks v. Hetherington*, 573 F.2d 1164, 1167 (10th Cir. 1978) ("There is no demonstration of state action and, therefore, no basis for civil rights jurisdiction [pursuant to 28 U.S.C. § 1343(3)] in the case at bar.").

*Mehdipour v. Matthews*, No. 10-6073, 386 Fed. App'x 775, 778 n.3, 2010 WL 2748802, *3 n.3 (10th Cir. July 13, 2010) (unpublished). Because Aicher has not alleged sufficient facts demonstrating that Marquez is a state actor, he has failed to invoke this Court's subject-matter jurisdiction under § 1343(3) and § 1983, and his Complaint must be dismissed because the Court lacks subject-matter jurisdiction. *See* FED. R. CIV. P. 12(h)(3); *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974) ("A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking. . . . If the parties do not raise the question of lack of jurisdiction, it is the duty of the federal court to determine the matter *sua sponte*. Therefore, lack of jurisdiction cannot be waived and jurisdiction cannot be conferred upon a federal court by consent, inaction or stipulation.") (internal citations omitted); *see also Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999) ("a district court should not assume the role of advocate for the pro se litigant, and may not rewrite a petition to include claims that were never presented") (citation and internal

quotation marks omitted).  In addition, Aicher's Complaint alleges that the parties reside in New Mexico, *see* Compl. at 1, thus he alleges no facts to establish federal-diversity jurisdiction.

**IT IS ORDERED THAT** Aicher's motion to proceed IFP [Doc. 3] is DENIED and that his Complaint is dismissed without prejudice for lack of subject-matter jurisdiction, and his motion for appointment of counsel [Doc. 5] is moot.

**SO ORDERED** this 11th day of April, 2014.

_____
**MARTHA VÁZQUEZ**
**UNITED STATES DISTRICT JUDGE**